UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAJ K. PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00454-SEB-DML |
| | ) | |
| DONALD J. TRUMP, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

*Pro se* Plaintiff Raj K. Patel has filed a Complaint without prepaying the filing fee. This Order addresses Mr. Patel's Motion to Proceed *In Forma Pauperis* [Dkt. 2] and screens his Complaint [Dkt. 1].

**Motion to Proceed *In Forma Pauperis***

Plaintiff's motion to proceed *in forma pauperis* [Dkt. 2] is GRANTED. 28 U.S.C. § 1915(e). While *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the $350.00 filing fee, the plaintiff remains liable for the full fees. *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able."). No payment is due at this time.

**Screening**

I. **Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that … the action … is frivolous or malicious; … fails to state a claim on which relief may be

1

granted; or … seeks monetary relief against a defendant who is immune from such relief." In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Put differently, it is not enough for Mr. Patel to say that he has been illegally harmed. He must also state enough facts in his complaint for the Court to infer the ways in which the named Defendants could be held liable for the harm alleged.

*Pro se* complaints such as that filed by Mr. Patel are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. Complaint

Mr. Patel has sued a number of defendants, including Donald J. Trump, Michael R. Pence, Curtis Hill, Eric J. Holcomb, Nancy P. Pelosi, the National Security Council, the University of Notre Dame Law School, Brownsburg Community School Corporation, the Indianapolis Metropolitan Police Department, as well as various other individuals. He alleges constitutional claims as well as claims brought pursuant to the Patriot Act and the Antiterrorism Act. Specifically, his complaint alleges that, in 2018, a few months

after he withdrew from Notre Dame Law School, he "saw circular objects in the shape form [sic] of white, translucent rings. The rings came flying in from the window, some of them missed while some entered [his] nostrils." Dkt. 1 at 6. He further alleges that he has "seen and heard the President use [his] word patterns in 2016 and onward a few times" and believes that Vice-President Pence's staff "could have noticed" him. *Id.* Mr. Patel alleges that he saw similar rings "fly out of what appears to be an international TV show, which [he] do[es] not watch" and that he "cannot help but think its [sic] political." *Id.* He believes that various professors, teachers, and family friends named as defendants may also be involved. *Id.*

Giving the complaint a liberal construction, we cannot discern within it any plausible federal claim against any defendant. *See United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim.). A complaint that is wholly insubstantial does not invoke the district court's subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *In re African-American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006). As presented, this case is frivolous and is entitled to no further judicial time. *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes,

however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity."); *see also Holland v. City of Gary*, 503 Fed. App'x 476 (7th Cir. 2013). We think this Complaint warrants that characterization.

For the reasons set forth above, the Court hereby **DISMISSES** Plaintiff's complaint. Because the allegations in the complaint are frivolous, they fail to engage the Court's subject-matter jurisdiction. Dismissal of this action shall be without prejudice. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED:

Date: 2/19/2020

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAJ K. PATEL
501 North Capitol Avenue
Apt. 4126A
Indianapolis, IN 46204

4